MEMORANDUM *
We review the district court’s grant of summary judgment de novo. Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1029 (9th Cir.2001). This is a diversity jurisdiction case. Therefore, we apply the law of the forum state, California, and must decide issues of state law as we believe the highest court of that state would decide them. Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); HS Servs., Inc. v. Nationwide Mut. Ins. Co., 109 F.3d 642, 644 (9th Cir.1997).
Under California law, an insurer’s duty to defend against litigation brought against the insured by a third party arises whenever the insurer ascertains facts that give rise to even the potential for indemnity under the policy. Scottsdale Ins. Co. v. MV Transp., 36 Cal.4th 643, 654, 31 Cal. Rptr.3d 147, 115 P.3d 460 (Cal.2005). In determining whether there is a duty to defend, the insurer looks not only to the facts of the complaint, but also to extrinsic evidence available from any source regarding the facts of the underlying litigation. Id. at 654, 31 Cal.Rptr.3d 147, 115 P.3d 460. Any doubt as to whether the facts give rise to a duty to defend is resolved in favor of the insured. Horace Mann Ins. Co. v. Barbara B., 4 Cal.4th 1076, 1081, 17 Cal.Rptr.2d 210, 846 P.2d 792 (Cal.1993).
Perkins argues that the potentially covered claim in this litigation is McQuown’s potential claim for false imprisonment, based on her testimony that Cardoza backed her and “bottled” her against a wall for two to three minutes while yelling at her. Under California law, the elements of the tort of false imprisonment are: “(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief.” Lyons v. Fire Ins. Exch., 161 Cal.App.4th 880, 888, 74 Cal.Rptr.3d 649 (Cal.App.2008). Based on the facts available to the insurer, *643 McQuown could possibly have asserted a plausible claim for false imprisonment.
Maryland argues that any potential claim could not possibly have been covered because it would have been excluded by the employment-related practices exclusion of the policy. The exclusion applies to personal injury to a person “arising out of any ... [ejmployment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person.... ” The exclusion does say that it arises out of “any” employment-related acts, but then qualifies “any” with “such as” followed by a list of examples. The question, thus, is whether false imprisonment in the present context is similar enough to the listed examples for the exclusion to apply. The answer is unclear, and the provision therefore ambiguous. Because we construe ambiguities in an insurance policy contra proferentem, as well as in favor of the insured, see Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir.1999) (en banc), we hold that the exclusion does not apply and the insurer had a duty to defend.
We conclude that the insurance company had a duty to defend its insured against the underlying litigation, arising out of the dispute between the insured’s employees Nina McQuown and Cheryl Cardoza. The facts known to the insurer established the possibility that McQuown could assert a false imprisonment claim within the coverage and outside the exclusion under the interpretation of California law in Zurich Ins. Co. v. Smart & Final Inc., 996 F.Supp. 979 (C.D.Cal.1998).
REVERSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.